## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| AGAPITO SARABIA, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>SPITZER INDUSTRIES, INC. | Case No.: _____<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Agapito Sarabia ("Sarabia") brings this lawsuit to recover unpaid overtime wages and other damages from Spitzer Industries, Inc. ("Spitzer") under the Fair Labor Standards Act ("FLSA").

2. Plaintiff and the other welders like him regularly worked for Spitzer in excess of 40 hours each week without overtime compensation.

3. Instead of paying overtime as required by the FLSA, Spitzer improperly classified Sarabia and those similarly situated as independent contractors, paying a straight hourly rate with no overtime compensation.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Spitzer conducts substantial business operations in this District and Division.

### THE PARTIES

8. Sarabia worked for Spitzer from approximately January 2014 until July 2016.

9. Throughout his employment with Spitzer, he was paid a straight hourly rate with no overtime compensation and was classified as an independent contractor.

10. The relationship between Sarabia and Spitzer rises to the level of an employee-employer relationship.

11. For example, Spitzer dictated Sarabia's rate of pay.

12. Spitzer set Sarabia's schedule.

13. Spitzer decided Sarabia's work locations.

14. Spitzer required Sarabia to follow its policies and procedures.

15. Spitzer prohibited Sarabia from working for other employers while working for Spitzer.

16. Spitzer precluded Sarabia from subcontracting out his work at Spitzer.

17. Sarabia did not provide unique services indicative of a third-party contractor.

18. Sarabia is a welder.

19. His consent to be a party plaintiff is attached as Exhibit A.

20. Sarabia brings this action on behalf of himself and all other similarly situated welders who were classified as independent contractors and paid under Spitzer's straight time system. Spitzer paid each of these workers a straight hourly rate and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

21. The class of similarly situated welders or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER WELDERS EMPLOYED BY SPITZER INDUSTRIES, INC. WHO:**
>
> **(1) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS;**
> **(2) PAID A STRAIGHT HOURLY RATE WITH NO OVERTIME; AND**
> **(3) WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.**

22. Defendant, **Spitzer Industries, Inc.**, is headquartered in Houston and conducts substantial business activities in the Southern District of Texas and throughout the United States. Spitzer may be served by serving its registered agent for service of process, **Stephen A. Lee, at 440 Louisiana St., Suite 2200, Houston, TX 77002**.

### COVERAGE UNDER THE FLSA

23. At all times hereinafter mentioned, Spitzer has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, Spitzer has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, Spitzer has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Sarabia and the similarly situated welders were engaged in commerce or in the production of goods for commerce.

27. As will be shown through this litigation, Spitzer treated Sarabia (and indeed all of its welders that it classified as independent contractors and paid a straight hourly rate to without overtime compensation) as employees.

28. Spitzer's misclassification of Sarabia and the welders as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

**FACTUAL COLLECTIVE ACTION ALLEGATIONS**

29. Spitzer is an oil and gas production company operating throughout the United States, including in Texas. In order to provide services to many of its customers, Spitzer contracts with certain companies to provide it with employees to perform the necessary work.

30. Many of these individuals worked for Spitzer on a straight hourly basis without overtime and were classified as independent contractors.

31. Sarabia and the putative class members worked for Spitzer under this pay scheme.

32. Sarabia and the putative class members worked for Spitzer as welders.

33. Sarabia and the putative class members received a straight hourly rate.

34. Sarabia and the putative class members did not receive overtime pay.

35. Sarabia and the putative class members are subjected to the same or similar pay practices for similar work.

36. Sarabia and the putative class members performed manual labor for Spitzer, welding, which is a nonexempt job duty.

37. Sarabia and the putative class members worked overtime for Spitzer.

38. Sarabia and the putative class members often worked at least 12 hours a day, often 7 days a week.

39. Without the job performed by Sarabia and the putative class members, Spitzer would not be able to complete its business objectives.

40. Sarabia and the putative class members rely on Spitzer for work and compensation.

41. Sarabia and the putative class members work in accordance with the schedule set by Spitzer.

42. Sarabia and the putative class members are not permitted by Spitzer to subcontract out the work they are assigned to do by Spitzer.

43. Sarabia and the putative class members must follow Spitzer policies and procedures.

44. Sarabia and the putative class members' work must adhere to the quality standards put in place by Spitzer.

45. Sarabia and the putative class members did not substantially invest in the tools required to complete the overall job to which they were assigned.

46. Sarabia and the putative class members did not possess any specialized or unique skill set.

47. Sarabia and the putative class members were blue collar workers.

48. Sarabia and the putative class members did not market their services, while employed by Spitzer.

49. Sarabia and the putative class members worked exclusively for Spitzer.

50. Sarabia and the putative class members did not incur operating expenses like rent, payroll, marketing, and insurance.

51. Spitzer set Sarabia and the putative class members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Spitzer.

52. Very little skill, training, or initiative was required of Sarabia and the putative class members to perform their job duties.

53. Spitzer required Sarabia and the putative class members to work substantial overtime without overtime compensation.

54. Spitzer classified Sarabia and the putative class members as exempt from the overtime requirements, as an independent contractor.

### FLSA VIOLATIONS

55. As set forth herein, Spitzer has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

56. Spitzer knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. Spitzer's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

57. Accordingly, Sarabia and the putative class members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

58. Sarabia demands a trial by jury.

## RELIEF SOUGHT

59. WHEREFORE, Sarabia prays for judgment against Spitzer as follows:

   a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated welders with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Spitzer liable for unpaid back wages due to Sarabia and the putative class members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order appointing Sarabia and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
Federal ID No. 27157
**Andrew W. Dunlap**
State Bar No. 24078444
Federal ID No. 1093163
**Lindsay R. Itkin**
State Bar No. 24068647
Federal ID No. 1458866
**Jessica M. Bresler**
State Bar No. 24090008
Federal ID. 2459648
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
litkin@mybackwages.com
jbresler@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**