**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **AGAPITO SARABIA, Individually and on Behalf of All Others Similarly Situated,**<br><br><br>**v.**<br><br>**SPITZER INDUSTRIES, INC.** | **Case No.: 4:17-cv-02092**<br><br>**Collective Action (29 U.S.C. § 216(b))** |

**DEFENDANT SPITZER INDUSTRIES, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT AND OBJECTION TO APPROVAL OF SETTLEMENT AGREEMENT**

As this Court correctly noted at the hearing, Spitzer settled this case to "buy its peace." The Objectors ask the Court not only to upend that peace, they ask the Court to put the proverbial toothpaste back in the tube. Federal Rules of Civil Procedure 59 and 60 do not allow the type of second-guessing the Objectors seek. Their motion should be denied, and the Final Judgment should be maintained.

1. **The Court should deny the Objectors' motion because there is no equitable way to unwind the Final Judgment now that Spitzer issued and many of the Plaintiffs cashed the settlement checks.**

This case was not settled on an individual basis. It was settled based on a collective amount. Spitzer issued checks in compliance with the settlement agreement after the Court's Final Judgment was entered. Many of the Plaintiffs, other than the Objectors, cashed those checks. Now that Spitzer has issued checks, which have largely been cashed, in compliance with the parties' settlement agreement, there is no equitable way to unwind the Final Judgment. This is precisely why Rules 59 and 60 establish an extremely high threshold to unwind a final judgment once it is entered, and why Objectors' "Monday morning quarterbacking" fails to satisfy that high standard. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)

1

("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."). The Court should deny the Objectors' attempt to second-guess the settlement agreed to on their behalf by the lawyer they voluntarily hired. To do otherwise would establish a very dangerous precedent for representative actions such as this one, which are so prevalent within this District and are almost always settled and approved in a manner identical to the way this case was settled and approved.

2. **The Court should deny the Objectors' motion because the Objectors fail to rebut the legal presumption that the attorneys they hired were authorized to settle on their behalf.**

Mr. Ward, counsel for Objectors, stated during the hearing that "apparent authority is not an issue in this case." Mr. Ward could not be more incorrect. As this Court correctly noted, "an *attorney of record is presumed to have authority* to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon *affirmative proof* of the party seeking to vacate the judgment that the attorney had no right to consent to its entry." *Mid-S. Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 390 (5th Cir. 1984) (emphasis in original) (quoting *St. Amand v. Marriott Hotel, Inc.*, 430 F. Supp. 488, 491 (E.D. La. 1977), *aff'd*, 611 F.2d 881 (5th Cir. 1980)).[1] If Objectors contend the Josephson Dunlap firm lacked the authority to settle this case, they must prove they had *no authority* to do so, including *no apparent authority*. *Id.* Objectors present no such proof, neither as to actual or apparent authority. Given their participation in Sarabia's lawsuit as opt-in plaintiffs, even if the Josephson Dunlap firm or Sarabia lacked actual authority to settle and dismiss this case, there was at the

---

[1] Though the *Mid-South Towing* case held that federal common law governs an attorney's authority to settle a dispute involving claims under federal law, Texas law is no different on this issue. Texas law dictates that "every reasonable presumption is to be indulged in favor of a settlement made by an attorney duly employed, and especially so after a court has recognized the settlement agreement and entered judgment on it." *Webb v. Webb*, 602 S.W.2d 127, 129 (Tex. Civ. App.—Austin 1980, no writ).

very least apparent authority to settle the Objectors' claims.  *See Marchese v. Sec'y, U.S. Dept. of Interior*, 409 F. Supp. 2d 763, 771 (E.D. La. 2006) (noting that "[u]nder federal common law, apparent authority exists where the principal engages in conduct that reasonably interpreted causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him" and finding apparent authority existed as to one plaintiff based on the conduct of the other plaintiff) (internal quotations and citations omitted).

**3.  The Court should deny the Objectors' motion because the settlement was imminently fair and reasonable based on the very authorities relied on by Objectors.**

Lastly, the Court noted at the hearing that perhaps it should have further scrutinized the parties' settlement.  Spitzer disagrees.  The Court's scrutiny was consistent with the level of scrutiny that is applied by essentially every judge in the Southern District of Texas.[2]  The new standard that Objectors seek to establish, which apparently requires the parties to put on evidence of their respective positions, to show a *bona fide* dispute, and to demonstrate that FLSA plaintiffs receive 100 cents on the dollar, is not and cannot be the law.  It is not even supported by the very case Objectors rely on so heavily for their position, *Quintanilla v. A & R Demolition Inc*., 2008 WL 9410399 (S.D. Tex. May 7, 2008).  As Spitzer's written response demonstrates, the record in *Quintanilla* was nearly identical to the record before this Court.  *See* Dkt. 59 at pp. 11-12 (comparing the record in this case to the record in *Quintanilla*).  The settlement was fair and reasonable, and the Court was correct to make that determination and enter the Final Judgment.

Defendant Spitzer Industries, Inc. respectfully requests that the Court deny the Objectors' Motion for Relief from Judgment and Objection to Approval of Settlement Agreement.

---

[2]     As both Plaintiffs and Spitzer pointed out, there was not even a need for the Court to scrutinize the settlement at all based on binding 5th Circuit precedent.  *See Bodle v. TXL Mortg. Corp*., 788 F.3d 159, 164–65 (5th Cir. 2015) (authorizing private settlements, without court approval, of bona fide FLSA disputes over hours worked or compensation owed).

Defendant further requests that the Court maintain the Final Judgment dismissing this case with prejudice.

Dated: November 1, 2018                              Respectfully submitted,

                                                    By:   /s/ *J. Michael Rose*
                                                          J. MICHAEL ROSE
                                                          State Bar No.: 24041819
                                                          Southern District No.: 36797
                                                          LOCKE LORD LLP
                                                          600 Travis Street, Suite 2800
                                                          Houston, Texas 77002
                                                          713-226-1684 (Telephone)
                                                          713-229-2626 (Facsimile)
                                                          mrose@lockelord.com

                                                          **ATTORNEY-IN-CHARGE FOR
                                                          DEFENDANT SPITZER
                                                          INDUSTRIES, INC.**

**OF COUNSEL:**

JEFFREY M. MCPHAUL
Southern District of Texas No. 1129775
Texas State Bar No. 24069018
KRISTIN N. VOLENTINE
Southern District of Texas No. 3005043
State Bar No. 24102612
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1312 (Telephone)
(713) 223-2629 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record referenced below via the Court's ECF System:

Michael A. Josephson
Andrew W. Dunlap
Lindsay R. Itkin
Jessica M. Bresler
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas  77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
litkin@mybackwages.com
jbresler@mybackwages.com

and

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
Tel:  (713) 877-8788
Fax:  (713) 877-8065
rburch@brucknerburch.com

Ken Ward
9639 Hillcroft, #864
Houston, Texas 77096
Tel:  (281) 236-3173
Fax:  (713) 485-6314
kenwardattorney@gmail.com

*/s/ Kristin N. Volentine*
Kristin N. Volentine