UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGAPITO SARABIA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2092 |
| | § | |
| SPITZER INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & ORDER**

Before the Court is Objectors' Motion for Relief from Judgment under Fed. R. Civ. P. 60 or Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59. (Doc. No. 47). Objectors are a group of class members who seek relief from the court-approved settlement agreement in this Fair Labor Standards Act ("FLSA") collective action. Objectors' Motion must be denied.

I. **BACKGROUND**

On July 7, 2017, Agapito Sarabia filed suit against Spitzer Industries, Inc. ("Defendant") on behalf of himself and other similarly situated parties ("Plaintiffs"). Plaintiffs are a group of welders who alleged that Defendant misclassified them as independent contractors and failed to pay them overtime compensation. (Doc. No. 1). The parties agreed on conditional class certification. (Doc. No. 22). The class ultimately consisted of 26 welders. Each member of the class confirmed in writing that he consented to join the lawsuit, to be bound by the Court's decision, and to be represented by the Josephson Dunlap Law Firm. (Doc. Nos. 3, 5, 12, 23, 24, 25). On May 24, 2018, this

1

Court approved a confidential settlement agreement. (Doc. No. 32).

Plaintiffs' and Defendant's counsel agreed on the settlement after a day-long mediation with an experienced FLSA mediator. They state that the settlement award "represents more than one hundred percent (100%) of the overtime compensation allegedly owed to the Class Members by Defendant." (Doc. No. 31 ¶ 2). The settlement amount also includes attorneys' fees.

The eleven Objectors now argue that Plaintiffs' class counsel never gave them notice of the settlement, notice that they had the opportunity to object, or any opportunity to provide input into the settlement negotiations. (Doc. No. 47). They also argue that the Court should not have approved the settlement because: 1) there was no bona fide dispute present in this case; and 2) the settlement was not fair or reasonable. (Doc. No. 47). Objectors are: Arnoldo Pena, Luis Cavazos, Roberto Cavazos, Carlos Valdez, Jorge Andres, David San Miguel, Ignacio Perez, Jose Antonio Perez, Arnulfo Rodriguez, Desiderio Donan, Pascual Rosario, and Hugo Chico-Heredia. (Doc. No. 58). In this Motion, they are represented by attorney Kenneth Ward.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 60 states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Only Rule 60(b)(6) is at issue here: "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case. However, we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present. Accordingly, Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 59 allows a party to "file a motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Fifth Circuit case law, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal quotation marks and citation omitted).

"To succeed on a Rule 59(e) motion, a party must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) a manifest error of law or fact." *In re Willbros Group, Inc.*, No. 4:14-cv-3084, 2016 WL 4920979, at *1 (S.D. Tex. Sept. 15, 2016) (quoting *Brown v. Bd.*

3

*of Trustees Sealy Indep. Sch. Dist.*, No. 11-cv-1755, 2012 WL 3069844, at *2 (S.D. Tex. July 12, 2012)). "A manifest error of law or fact must be one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record. . . . [The manifest injustice standard] requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Walker v. HongHua America, LLC*, No. 4:12-cv-0134, 2012 WL 1898892, at *2 (S.D. Tex. May 23, 2012) (internal citations omitted).

### III. ANALYSIS

Objectors have not met the high standards of either Rule 59(e) or Rule 60. As a starting point, the Court is mindful that there is a strong presumption that Plaintiffs' counsel validly agreed to the settlement on behalf of the class. "[A]n attorney of record is presumed to have authority to compromise and settle litigation on behalf of his client, and a judgment entered upon by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the judgment that the attorney had no right to consent to its entry." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984) (internal quotation omitted). Although Objectors express legitimate concerns about communications with their attorneys, they have not explicitly argued that their attorneys lacked authority to enter into the settlement or offered any affirmative proof thereof. Indeed, four of the Objectors specifically authorized class representative Sarabia and Plaintiffs' class counsel to "make all decisions regarding this litigation, including all

decisions regarding settlement." (Doc. Nos. 23, 24, 25, 26). Accordingly, there is a strong presumption that Plaintiffs' counsel had authority to consent to the settlement on behalf of the class.

Furthermore, Objectors have not shown that the Court committed made any "manifest error of law or fact" or "manifest injustice" in approving the settlement. Nor have they provided new evidence that warrants reconsideration of the judgment. "In order to approve a settlement of FLSA claims, the Court must determine: 1) whether a bona fide dispute exists between the parties; 2) whether the settlement agreement is a fair and reasonable resolution of the dispute; and 3) whether the requested attorney's fees are fair and reasonable." *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018).

In their motion for settlement approval, the parties stated that they "mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, Plaintiffs' classification as independent contractors, and the compensation due, if any." (Doc. No. 30 ¶ 8). The Court agrees that there are a number of bona fide disputes present in this case. For example, there is clear dispute over whether Defendant willfully violated the FLSA when it failed to pay overtime. This affects the compensation owed to Plaintiffs: "Generally, FLSA claims are subject to a two-year statute of limitations, however the limitations period is three years for willful violations. . . . To show willfulness, a plaintiff must demonstrate that an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Steele v. Leasing Enterprises, Ltd.*,

826 F.3d 237, 248 (5th Cir. 2016) (internal quotation marks and citations omitted). Objectors have not provided any evidence that Defendant has committed prior FLSA violations or been subject to investigation. Objectors argue only that "it is hard to fathom" that the violations were not willful since Defendant is a large, sophisticated company. (Doc. No. 58, at 11). They do not cite any case law to support their claim that a company's large size gives rise to an inference of willfulness.

Plaintiffs have also offered evidence that there is a bona fide dispute about the number of hours that the class members actually worked because many of their pay records were destroyed or missing. (Doc. No. 60, at 13). Objectors' only counter evidence consists of a single objector's business records and affidavit describing the hours that he worked. (Doc. No. 63, at 9-10). This is inadequate to establish that there was no bona fide dispute over Plaintiffs' hours. Plaintiffs also argue that there is a bona fide dispute over whether they were independent contractors or employees. (Doc. No. 60, at 13-14). Throughout this litigation, Defendant has consistently denied that Plaintiffs were employees. (Doc. No. 14 ¶¶ 9, 62). Although Objectors disagree, the affidavits of class members describing their working conditions are not, as they claim, adequate to "establish[] as a matter of law" that Plaintiffs were employees. (Doc. No. 58, at 8). As the parties discussed at the October 30, 2018 hearing, there are numerous factual disputes about Plaintiffs' status. Accordingly, Objectors have failed to show that the Court committed a manifest error of law or fact in concluding that the settlement resolved bona fide disputes between the parties.

Nor have Objectors demonstrated that the settlement was not fair or reasonable. "[T]he Court must keep in mind the strong presumption in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (internal citations omitted). "[T]he factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action." *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *2 (E.D. La. Feb. 16, 2016). In particular, courts consider six factors: "(1) evidence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members." *Collins*, 568 F. Supp. 2d at 722.

There is no evidence that the settlement was obtained by fraud or collusion. Plaintiffs and Defendant argue that the case was complex and would have resulted in long and expensive litigation. Indeed, when the parties settled, the case was already approximately ten months old and would have continued for at least fourteen more months had they gone to trial. (Doc. No. 20). Moreover, there were a number of critical issues in dispute, including whether Plaintiffs were independent contractors or employees and whether the alleged violations of the FLSA were willful. It was therefore uncertain

7

whether or how much Plaintiffs would have been able to recover absent settlement. Finally, class counsel, the class representative, and most class members agree with the settlement. This weighs in favor of finding the settlement fair: "The parties join in requesting approval of the settlement, which was arrived at after extensive negotiation by class counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Id.* at 727. Although the Court is mindful that a number of absent class members now disagree, Objectors have not demonstrated that the disagreement of a minority of the class is adequate to reopen the settlement. Nor do Objectors respond to Defendant's contention that it has detrimentally relied on the Court's approval of the settlement agreement. Accordingly, Objectors have not shown that the Court committed any manifest error or injustice in finding that the settlement was fair and reasonable.

Lastly, Objectors have not shown that the Court erred in approving the attorneys' fees described in the settlement. The parties agreed on attorneys' fees that represent 40% of Defendant's total payment. This percentage is in line with that approved in other FLSA cases. *See Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018); *Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-cv-2567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018); *Legros v. Mud Control Equip. Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Objectors have failed to present new evidence that warrants reopening the judgment and have not shown that the Court committed any manifest error or injustice in deciding that the settlement was a fair and reasonable resolution of a bona fide dispute. Objectors' Motion for Relief from Judgment or to Alter or Amend Judgment is therefore **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 19th day of November, 2018.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE